NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PTS DATA CENTER SOLUTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RF CODE, INC.**<br><br>Defendant. | Civ. No. 2:14-3483 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Plaintiff PTS Data Center Solutions, Inc. (hereinafter, "PTS") alleges that Defendant RF Code, Inc. (hereinafter, "RF Code") violated a non-disclosure agreement (hereinafter, "the NDA") by, among other things, directly marketing its products to one of PTS's clients. This matter comes before the Court on RF Code's motion to dismiss, or in the alternative, transfer venue. Because the NDA's forum selection clause provides that this case must be heard in Texas, the Court will grant RF Code's motion and transfer this matter to the Western District of Texas.

I. BACKGROUND

PTS is a New Jersey corporation that specializes in providing data center design and management solutions to its clients. (Complt. at ¶5). RF Code is a Texas corporation that provides businesses with radio frequency identification tags designed to track assets used in data centers. (MTD at 2). Because the parties come from different states and the amount of controversy exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

The Court will recount the allegations in the Complaint only to the extent that they are relevant to RF Code's motion to dismiss. In July 2011, PTS and RF Code entered into a partnership agreement under which PTS received a license to market and sell RF Code products to PTS customers. (Complt. at ¶14). In addition to the partnership agreement, the parties entered into the NDA, which provided that RF Code would not use, disseminate,

1

or disclose any of PTS's confidential information, including information related to PTS's customers. (Complt. at ¶16). Of particular significance to the instant motion is the NDA's forum selection clause, which provides:

> This Agreement shall be governed in all respects by the laws of the United States of America and by the laws of the State of Texas…. Each of the parties irrevocably consents to the exclusive personal jurisdiction of the federal and state courts located in Texas, as applicable, for any matter arising out of or relating to this Agreement….Additionally, notwithstanding anything in the foregoing to the contrary, a claim for equitable relief arising out of or related to this Agreement may be brought in any court of competent jurisdiction.

(Complt.. at Ex. 1, ¶13).

In June 2014, PTS filed its Complaint in the United States District Court for the District of New Jersey. The Complaint alleges that RF Code violated the NDA by directly marketing its products to one of PTS's clients without PTS's knowledge or involvement. (Complt. at ¶¶35-48). It asserts six causes of action: (1) breach of contract; (2) injunctive relief pursuant to the inevitable or probable disclosure doctrine; (3) breach of fiduciary duty; (4) violation of the New Jersey Trade Secrets Act; (5) conversion; and (6) tortious interference with business relations. (Complt. at ¶¶49-83). The Complaint seeks fourteen specific forms of relief; thirteen of those requests involve monetary damages, and one seeks a permanent injunction. (Complt. at ¶83).

## II.  DISCUSSION

RF Code now moves to dismiss the Complaint on the grounds that the forum selection clause requires that PTS bring this action in Texas. In the alternative, RF Code moves for this Court to transfer the case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). PTS does not challenge the enforceability of the forum selection clause, *i.e.*, it does not argue that the forum selection clause was procured by fraud, or that it runs contrary to public policy. Instead, PTS contends that the forum selection clause does not apply to this dispute because the Complaint seeks substantial forms of equitable relief, not just money damages. PTS argues the forum selection clause's carve-out provision – which provides that "a claim for equitable relief…may be brought in any court of competent jurisdiction" – applies in this case because "the thrust of the Complaint is equitable in nature." (Opp. at 7).

The Court must therefore determine the scope of the forum selection clause. "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1073 (3d Cir.1997). Moreover,

the law that governs the NDA will also govern the interpretation of the forum selection clause. *See Martinez v. Bloomberg, L.P.*, 740 F.3d 211 (2d Cir. 2014) ("To ensure that the meaning given to a forum selection clause corresponds with the parties' legitimate expectations, courts must apply the law contractually chosen by the parties to interpret the clause.") While the NDA provides that it is to be governed by Texas law, the parties did not rely on any distinctive features of Texas law in their briefings. After reviewing relevant legal authority from Texas, the Court is satisfied that the parties' oversight is immaterial because Texas courts – like most courts – apply general contract principles to forum selection clauses. *See John Wyeth & Bro. Ltd.,* 119 F.3d at at 1074. (applying general contract principles to forum selection clause governed by English law where parties did not rely on any distinctive features of English law).

In construing the forum selection clause, the Court "must ascertain and give effect to the parties' intentions as expressed in the document." *Frost Nat. Bank v. L & F Distributors, Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005). As part of this analysis, the Court must first decide whether the contract unambiguously states the parties' intentions. *See John Wyeth & Bro. Ltd.,* 119 F.3d at 1074; *In re International Profit Associates, Inc.,* 274 S.W.3d 672, 676-77 (Tex. 2009). A contract is unambiguous if it is susceptible of one reasonable interpretation. *Frost Nat. Bank*, 165 S.W.3d at 312.

The Court concludes that the NDA's forum selection clause unambiguously provides that PTS was required to file this case in a Texas court. The narrow carve-out to the forum selection clause provides that "a claim for equitable relief" may be heard in any court of competent jurisdiction. The Complaint, however, is much more than simply "a claim for equitable relief." Thirteen of the fourteen specific requests for relief in the Complaint request monetary damages. Of the Complaint's seven causes of action, only one makes specific reference to a need for an injunction. And by PTS's own admission, the Complaint seeks "significant" monetary relief. (Opp. at 7). Notwithstanding PTS's contention that the Complaint is "primarily equitable," this action is not merely "a claim for equitable relief" that PTS can file in any court of competent jurisdiction.

The Court's analysis is also driven by the well-settled principle that when a court determines the parties' intention, the contract must be interpreted as a whole. *Williams v. Metzler*, 132 F.3d 937, 947 (3d Cir. 1997); *Capitol Bus Co. v. Blue Bird Coach Lines, Inc.*, 478 F.2d 556, 560 (3d Cir. 1973). A "court cannot interpret words in a vacuum, but rather must carefully consider the parties' context and the other provisions of the plan." *In re New Valley Corp.*, 89 F.3d 143, 149 (3d Cir.1996); *see also Frost Nat. Bank*, 165 S.W.3d at 312 ("We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement.") Here, the forum selection clause is worded broadly, providing that "any matter arising out of or relating to" the NDA must be heard in a Texas court. It is then followed by a much narrower carve-out that applies only to "a claim for equitable relief."

Other courts interpreting similar provisions have concluded that the carve-out is not triggered just because a plaintiff brings equitable claims in a complaint. In *Remy Amerique, Inc. v. Touzet Distribution, S.A.R.L.*, 816 F. Supp. 213 (S.D.N.Y. 1993), a contract included an arbitration clause requiring that any controversy relating to the contract be decided in arbitration. It also included a carve-out that allowed the parties to seek equitable relief in any court of competent jurisdiction. The plaintiff contended that the carve-out allowed it to file its claims for injunctive relief in federal court rather than in arbitration. Finding that the contract was unambiguous, the court rejected this argument. After harmonizing the arbitration agreement as a whole, the court found that the purpose of the carve-out was to allow the parties to seek preliminary injunctive relief in order to maintain the status quo pending the outcome of the underlying dispute. *See* 816 F. Supp. at 217-18. Otherwise, the exception would severely narrow the broad agreement to arbitrate.[1] *See id*; *see also Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp.,* No. 13-cv-15189, 2014 WL 562264, *12 (E.D. Mich. Feb. 13, 2014). Similarly, in one of the few cases involving an equitable relief carve-out in the context of a forum selection clause, the court agreed that "[w]hen read in its entirety, the clear purpose of the forum selection provision is to permit [the plaintiff] to 'follow the money'….[and, among other things,] seek an order of attachment in [any state of competent jurisdiction] to maintain the status quo pending litigation." *See General Elc. Capital Corp. v. Metz Family Enterprises, LLC*,   141 Conn. App. 412, 422 (Conn. App. Ct. 2013). In sum, PTS's sweeping interpretation of the carve-out provision has been rejected by other courts on multiple occasions. Reading the contract as a whole, the Court agrees with RF Code that PTS must file this action in a Texas court.

There still remains the question of whether the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or transfer it to a different district pursuant to 28 U.S.C. § 1404(a). "[A]s a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause to another venue, to transfer rather than dismiss." *Salovaara v. Jackson Nat'l Life Ins. Co.* 246 F.3d 289, 298-99 (3d Cir. 2001). Here, RF Code does not contend that venue is not proper in New Jersey, it instead has (successfully) argued that the parties contractually agreed to resolve this case in a Texas court. *See Atlantic Marine Const. Co. v. United States Dist. Ct. for the Western Dist. of Texas*, 134 S.Ct. 568, 577 ("Whether venue is

---

[1] According to PTS, the "NDA itself recognizes that any action based on a breach thereof must be principally equitable in nature." (Opp. at 2). PTS then argues that because its action must be principally equitable in nature, the carve-out provision in the forum selection clause applies. This argument proves too much. If PTS were correct that (1) any action based on a breach of the NDA must be principally equitable in nature, and (2) any action that is principally equitable in nature comes within the forum selection clause's carve-out provision, the NDA's forum selection clause would be rendered an absolute nullity. In other words, the exception would swallow the rule. The Court cannot accept such an interpretation as reasonable. *See, e.g., El Paso Field Services, L.P. v. MasTec North America, Inc.*, 389 S.W.3d 802, 805 (Tex. 2012) ("[W]e must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of a contract so that none will be rendered meaningless.")

'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause.") RF Code requests that if the Court chooses not to dismiss the Complaint, it should transfer the action to the Western District of Texas. PTS similarly notes that if the Court sides with RF Code's interpretation of the forum selection clause, it should transfer the case to another district court rather than dismiss it. The Court concludes that transfer to the Western District of Texas would satisfy the terms of the forum selection clause. Moreover, there are no exceptional circumstances that preclude this Court from transferring this case to the Western District of Texas. *See Atlantic Marine Const. Co.*, 134 S.Ct. at 581 (in §1404(a) context, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.") (citations omitted). The Court will therefore transfer the case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

### III.   CONCLUSION

For the foregoing reason, RF Code's motion to transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. The Court will transfer this case to the Western District of Texas. An appropriate order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 19, 2015**